**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**McALLEN DIVISION**

| | | |
|---|---|---|
| **VICTOR AND MARIA MEZA,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Case No. 7:16-cv-451** |
| | § | |
| **CHUBB LLOYD'S INSURANCE** | § | |
| **COMPANY OF TEXAS,** | § | |
| **MICHAEL ALEXANDER VARGAS** | § | |
| **AND ROY LE SIMS,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT CHUBB LLOYD'S INSURANCE COMPANY OF**
**TEXAS'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Chubb Lloyd's Insurance Company of Texas ("Chubb") respectfully petitions this Court for removal of the above-entitled action to the United States District Court for the Southern District of Texas, from County Court at Law #4 of Hidalgo County, Texas, and for its Notice of Removal states:

**I.**
**REMOVAL JURISDICTION**

1.      This action, entitled *Victor and Maria Meza v. Chubb Lloyd's Insurance Company of Texas, Michael Alexander Vargas, and Roy Le Sims,* pending in County Court at Law #4 of Hidalgo County, Texas, Cause No. CL-15-1322-D, was commenced against Defendants via the filing of Plaintiffs' Original Petition (the "Petition") on or about April 28, 2015.

2.      Chubb has not yet been served with the citation and Petition.  Accordingly this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3.      Plaintiffs allege causes of action against Chubb for breach of contract, violations of the Texas Insurance Code, and DTPA violations.   *See* Petition at 3-6.  Plaintiffs allege causes of action against Defendants Michael Alexander Vargas and Roy Le Sims for violations of the Texas Insurance Code and DTPA violations.  Petition at 4-7.  Plaintiffs sued Chubb for damages, including actual damages, reasonable attorneys' fees, court costs, 18% statutory penalty damages, exemplary and/or treble damages, pre-judgment interest, post-judgment interest, and additional damages.  *See* Petition at 3-8.

4.      Plaintiffs are residents of Hidalgo County, Texas.  *See* Petition at 1.  Chubb is an unincorporated association; therefore, its citizenship for purposes of determining diversity jurisdiction is determined solely by the citizenship of each of its members.  *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-883 (5th Cir. 1993), *cert. denied* 522 U.S. 815 (1997). No member of Chubb is a citizen of the State of Texas.  Defendants Michael Alexander Vargas ("Vargas") and Roy Le Sims ("Sims") have been improperly joined and their citizenship should be disregarded for the purposes of determining diversity jurisdiction.  Thus, removal is proper because there is complete diversity between the properly-named parties under 28 U.S.C. § 1332.

5.      On March 31, 2016, the Fifth Circuit issued an opinion instructing district courts to apply federal pleading standards when determining whether a non-diverse defendant has been improperly joined for jurisdictional purposes.  *See International Energy Ventures Mgmt., L.L.C. v. United Energy Group., Ltd.*, 2016 U.S. App. LEXIS 6394 (5th Cir. Mar. 31, 2016).  Like the present case, the defendants in *International Energy Ventures Management* removed the case to

**DEFENDANT CHUBB LLOYDS INSURANCE COMPANY OF**
**TEXAS'S NOTICE OF REMOVAL**                                                        **Page 2 of 9**

federal court asserting that the only non-diverse defendant had been improperly joined in an attempt to defeat jurisdiction.  *Id.* at *4.  At the heart of the Fifth Circuit's improper joinder analysis in *International Energy Ventures Management* was whether, in determining if a plaintiff has improperly joined a non-diverse defendant, courts should apply a state's pleading standard or the federal pleading standard.  *Id.* at *7.  In deciding this issue, the Fifth Circuit noted, "in a case that has been removed to federal court on the basis of diversity, the determinative question is whether - *under federal law* - a non-diverse defendant was improperly joined."  *Id.* at *13 (emphasis in original).  The Fifth Circuit recognized there are two ways to establish improper joinder:  (1) actual fraud in the pleading of facts establishing jurisdiction; or (2) lack of a reasonable basis for the district court to predict that the plaintiff might be able to recover against a non-diverse defendant.  *Id.* at *21; *see Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied* 544 U.S. 992 (2005).  In determining whether there is a reasonable basis to predict a plaintiff may recover against a non-diverse defendant, a court applies a Rule 12(b)(6)-type analysis to determine if the pleading contains facts sufficient to state a claim on its face.  *International Energy Ventures Mgmt., L.L.C.*, 2016 U.S. App. LEXIS 6394, at *8.  It is well-established that a Rule 12(b)(6) analysis incorporates the *federal* pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  *Id.* at *8 (emphasis in original).  A Rule 12(b)(6)-like analysis requires courts to apply the federal pleading standard because the federal pleading standard is embodied in that analysis.  *Id.* at *28.

6.      To properly join adjusters such as Defendants Vargas and Sims, "[a plaintiff] must allege that [the adjuster defendant], as an individual, committed the violation that caused the harm."  *Moore v. State Farm Mut. Auto Ins. Co.*, 2012 U.S. Dist. LEXIS 127564, *12 (S.D.

Tex. Sept. 6, 2012) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 (5th Cir. 2004)). This means a plaintiff cannot plead "collectively and in a conclusory manner," but rather must provide a "factual fit between the plaintiff's allegation and the pleaded theory of recovery." *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999); *see also Cortez v. Meritplan Ins. Co.,* 2013 U.S. Dist. LEXIS 179691, *5-6 (S.D. Tex. Dec. 20, 2013) (holding pleading "collectively and in a conclusory manner" creates only an insufficient theoretical possibility of recovery). "There can be no recovery for extra-contractual damages for mishandling of claims unless the complained of actions or omissions caused injury independent of those that would have resulted from a wrongful denial of policy benefits." *Parkan Int., LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002) (citing *Provident American Ins. Co. v. Castaneda*, 988 S.W.2d 189, 198 (Tex. 1998)).

7.      Chubb asserts that Plaintiffs' pleaded facts fail to provide a reasonable basis to conclude Plaintiffs have a valid claim against Defendants Vargas and Sims.  Chubb asserts Plaintiffs have failed to plead independent damages caused by Defendants Vargas and Sims which are separate and apart from the alleged damages arising out of the alleged wrongful denial of policy benefits by Chubb.

8.      Chubb further asserts that Plaintiffs' have failed to plead facts sufficient to establish Defendants Vargas and Sims owed Plaintiffs any duty that, if breached, could provide a reasonable basis for recovery.  Plaintiffs' pleading merely contains vague and conclusory recitations of claims with little to no factual support.

9.      Since Plaintiffs have not pleaded facts which fit a properly pleaded theory of recovery, there is no reasonable basis to allow this Court to conclude Plaintiffs have a valid

claim against Defendants Vargas and Sims.  Given this, the Court should disregard Defendants Vargas and Sim's citizenship for purposes of the removal determination.

10.     Plaintiffs assert their damages are in the range of $200,000 - $1,000,000.  *See* Petition at 2.  Thus, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district and division.

12.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Chubb in the state court action are attached to this notice.  *See* Exhibit A.

13.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will promptly be given to all parties and to the clerk of County Court at Law #4 of Hidalgo County, Texas.

14.     Pursuant to Federal Rule of Civil Procedure 38, Chubb demands a trial by jury.

## II.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Chubb respectfully gives notice that this state court action has been removed and placed on this Court's docket for further proceedings. Chubb further requests any additional relief to which it may be justly entitled.

Respectfully submitted,


*/s/ Jennifer G. Martin*_____

**JENNIFER G. MARTIN**
Texas State Bar No. 00794233
S.D. Tex. Bar No. 20770
Email: jennifer.martin@wilsonelser.com
**JENNIFER L. MURPHY**
Texas State Bar No. 24027560
S.D. Tex. Bar No. 2789457
Email: jennifer.murphy@wilsonelser.com


**WILSON ELSER MOSKOWITZ EDELMAN &
DICKER, LLP**
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
(214) 698-8000 Phone
(214) 698-1101 Facsimile


**ATTORNEYS FOR DEFENDANT CHUBB
LLOYD'S INSURANCE COMPANY OF
TEXAS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record in accordance with the Federal Rules of Civil Procedure, on this the **1**[st] day of **August, 2016**.

Douglas E. Pennebaker
Email: Doug@pennebakerlaw.com
Pennebaker Law Firm
A Professional Corporation
200 Concord Plaza Drive, Suite 750
San Antonio, Texas 78216

Willie McAllen
Jose G. Gonzalez
Law Offices of McAllen-Gonzalez
2102 W. University Dr.
Edinburg, Texas 78539

*/s/Jennifer G. Martin*_____
**JENNIFER G. MARTIN**

**<u>Exhibit A</u>**

# CASE SUMMARY
## CASE NO. CL-15-1322-D

| | | | |
|---|---|---|---|
| Maria Meza, Victor Meza | § | Location: | County Court at Law #4 |
| VS. | § | Judicial Officer: | Garza, Federico "Fred", Jr. |
| Chubb Lloyds Insurance Company of Texas, Michael | § | Filed on: | 04/28/2015 |
| Alexander Vargas, Roy Le Sims | § | | |

---

### CASE INFORMATION

| | |
|---|---|
| Case Type: | **Contract - Consumer/Commercial/Debt (OCA)** |

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | CL-15-1322-D |
| Court | County Court at Law #4 |
| Date Assigned | 04/28/2015 |
| Judicial Officer | Garza, Federico "Fred", Jr. |

---

### PARTY INFORMATION

| | | |
|---|---|---|
| | | *Lead Attorneys* |
| **Plaintiff** | **Meza, Maria** | **PENNEBAKER, DOUGLAS E.** |
| | | *Retained* |
| | | 210-562-2888(W) |
| | | |
| | **Meza, Victor** | **PENNEBAKER, DOUGLAS E.** |
| | | *Retained* |
| | | 210-562-2888(W) |
| | | |
| **Defendant** | **Chubb Lloyds Insurance Company of Texas** | |
| | **Sims, Roy Le** | |
| | **Vargas, Michael Alexander** | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 02/03/2016 | Service Returned - Unserved<br>*chubb lloyds returned unserved* | |
| 01/25/2016 | Service Returned - Unserved<br>*ROY LE SIMS SENT BACK RETURNED TO SENDER* | |
| 01/04/2016 | Service Returned - Unserved<br>*MICHAEL ALEXANDER VARGAS* | |
| 12/02/2015 | Citation Issued (Fee)<br>*roy le sims sent out by certmail* | |
| 12/02/2015 | Citation Issued (Fee)<br>*micahel alexander sent out by certmail* | |
| 12/02/2015 | Citation Issued (Fee)<br>*chubb lloyds sent out by certmail* | |

JUN 0 7 2016

Date: _____
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
Deputy Clerk

# CASE SUMMARY
## CASE NO. CL-15-1322-D

| 11/30/2015 | 📄 Request <br> *Request* | |
| 04/28/2015 | 📄 Original Petition (OCA) <br> *Petition* | |

| DATE | FINANCIAL INFORMATION | |
|---|---|---|

**Plaintiff** Meza, Maria
Total Charges    601.00
Total Payments and Credits    601.00
**Balance Due as of 6/7/2016**    **0.00**

Date: JUN 0 7 2016
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: Deputy Clerk

Accepted by: Samantha Martinez

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

CAUSE NO. CL-15-1322-D
_____

| | | |
|---|---|---|
| VICTOR AND MARIA MEZA | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| | § | |
| VS. | § | AT LAW NUMBER _____ |
| | § | |
| CHUBB LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS and | § | |
| MICHAEL ALEXANDER VARGAS | § | |
| AND ROY LE SIMS | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**VICTOR AND MARIA MEZA**, Plaintiffs herein, file this Original Petition

against Defendants   CHUBB LLOYDS INSURANCE COMPANY OF TEXAS   and

MICHAEL ALEXANDER VARGAS AND ROY LE SIMS and,  in support of their causes

of action, would respectfully show the Court the following:

## I.
## THE PARTIES

1.      Plaintiffs are Texas residents who resides in Hidalgo County, Texas.  Said

property

is located at: <u>1512 Thornwood Drive, Mission, Texas 78574</u>.

2.      **CHUBB LLOYDS INSURANCE COMPANY OF TEXAS** is an insurance

company doing business in the State of Texas which may be served through its registered

agent for service of process in the State of Texas, **Ms. Chris Granger, via certified mail**

**at 15700 Long Vista Drive, Austin, TX 78728-3822.**

3.      **MICHAEL ALEXANDER VARGAS** is a Texas resident who participated in

adjusting Plaintiffs' insurance claim, and he may be served via certified mail at **3416 Water Lilly**

**Ave., McAllen, Texas 78504.**

1

Date: JUN 0 7 2016
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By:_____
Deputy Clerk

Accepted by: Samantha Martinez

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

CL-15-1322-D

3.1  **ROY LE SIMS** is a Texas resident who participated in adjusting Plaintiffs'
insurance claim, and he may be served via certified mail at **15430 Dyna St., Corpus Christi,
Texas 78418.**

## II. DISCOVERY

4.      This case is intended to be governed by Discovery Level 3.

## III.
## CLAIM FOR RELIEF

5.      The damages sought are within the jurisdictional limits of this court.  Plaintiffs
currently seek monetary relief over $100,000 but not more than $200,000, including damages of
any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.  However, to the
extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted
objections, file needless motions, quash depositions and discovery requests without a reasonable
basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire
individuals they claim to be "experts" who give false opinions or testimony, produce witnesses
who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the
costs, expenses, interest, and attorney's fees will likely be over $200,000 but not more than
$1,000,000.

## IV. JURISDICTION AND
## VENUE

6.      This court has subject matter jurisdiction of this cause of action because it
involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No
diversity of citizenship exists in this matter.

7.      Venue is proper in Hidalgo County under Tex. Civ. Prac. & Rem. Code
§15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim
occurred in said County. In particular, the loss at issue occurred in this County.

Date: JUN 0 7 2016
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By: _____
Deputy Clerk

Accepted by: Samantha Martinez

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

CL-15-1322-D

V.

## FACTUAL BACKGROUND

8.      Plaintiffs are named insureds under a property insurance policy issued by CHUBB LLOYDS INSURANCE COMPANY OF TEXAS.

9.      On or about MARCH 29, 2012, a storm hit the Hidalgo County area, damaging Plaintiffs' house and other property.  Plaintiffs subsequently filed a claim on their insurance policy.

10.     Defendants improperly denied and/or underpaid the claim.

11.     MICHAEL ALEXANDER VARGAS AND ROY LE SIMS  was assigned as an individual adjusters on the claim,  conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages they observed during the inspection.

12.     MICHAEL ALEXANDER VARGAS' AND ROY LE SIMS' unreasonable investigation led to the underpayment of Plaintiff's claim.

13.     Moreover, CHUBB LLOYDS INSURANCE COMPANY OF TEXAS  and MICHAEL ALEXANDER VARGAS AND ROY LE SIMS  performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the property.

VI
.

## CAUSES OF
## ACTION

14.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.    Breach of Contract (CHUBB LLOYDS INSURANCE COMPANY OF TEXAS Only)**

15.     CHUBB LLOYDS INSURANCE COMPANY OF TEXAS had a contract of insurance with Plaintiffs.  CHUBB LLOYDS INSURANCE COMPANY OF TEXAS breached

3



Date:_____
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By:_____
        Deputy Clerk

Accepted by: Samantha Martinez

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

CL-15-1322-D

the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiffs were

damaged thereby.

**B.     Prompt Payment of Claims Statute (CHUBB LLOYDS INSURANCE COMPANY OF TEXAS Only)**

16.     The failure of CHUBB LLOYDS INSURANCE COMPANY OF TEXAS to pay

for the losses and/or to follow the statutory time guidelines for accepting or denying coverage

constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

17.     Plaintiff, therefore, in addition to Plaintiffs' claim for damages, is entitled to 18%

interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.     Bad Faith/DTPA (CHUBB LLOYDS INSURANCE COMPANY OF TEXAS and MICHAEL ALEXANDER VARGAS AND ROY LE SIMS)**

18.     Defendants are required to comply with Chapter 541 of the Texas Insurance

Code.

19.     Defendants violated § 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

20.     Defendants violated § 541.060 by:

(1)     misrepresenting to Plaintiffs a material fact or policy provision relating to

coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable

settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide to Plaintiffs a reasonable explanation of the

basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or

offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to

4

JUN 0 7 2016

Date: _____
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By: _____
                              Deputy Clerk

Accepted by: Samantha Martinez

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

CL-15-1322-D

Plaintiffs or submit a reservation of rights to Plaintiffs; and

(5)    refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

21.    Defendants violated § 541.061 by:

(1)    making an untrue statement of material fact;

(2)    failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

3)    making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)    making a material misstatement of law; and

(5)    failing to disclose a matter required by law to be disclosed.

22.    At all material times hereto, Plaintiffs were a consumer who purchased insurance products and services from Defendants.

23.    Defendants have violated the Texas Deceptive Trade Practices Act in the following respects:

(1)    Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)    CHUBB LLOYDS INSURANCE COMPANY OF TEXAS  failed  to disclose  information  concerning  goods  or  services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)    CHUBB LLOYDS INSURANCE COMPANY OF TEXAS,  by  accepting insurance  premiums  but  refusing  without  a reasonable basis to pay benefits due and owing, engaged  in  an  unconscionable  action  or  course  of  action  as  prohibited  by  the  DTPA  §

5

Date: JUN 0 7 2016
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By:
Deputy Clerk

Accepted by: Samantha Martinez

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

CL-15-1322-D

17.50(a)(1)(3) in that CHUBB LLOYDS INSURANCE COMPANY OF TEXAS took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

24.     Defendants knowingly committed the acts complained of.  As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.     Actionable Conduct of Adjuster (MICHAEL ALEXANDER VARGAS AND ROY LE SIMS)**

25.     With regard to the adjuster Defendants named herein, Plaintiffs allege said adjusters made specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060, §541.061 and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered wind/hail peril.  Said Defendant adjusters also misrepresented the true cost of repairing all of the damages caused by the storm.  More specifically, the Defendant adjusters misrepresented that there was no damage to the Plaintiffs' clay tile roof, and that the roof could be completely restored for a cost of only $332.19.  They also misrepresented the true scope of damages and cost of repair associated with damage to the stucco, exterior doors, and garage door and fence.  They hired and relied on a report from Rimkus Consulting Group as a pretextual basis for their conclusions that the damage was limited in scope.  Consequently, CHUBB LLOYDS INSURANCE COMPANY OF TEXAS underpaid the claim in an amount of only $20,766.84.  The named Defendant adjuster acted with actual awareness that said Defendant adjusters were misrepresenting the true scope and cost of repair in the estimate the Defendant adjusters prepared.  Therefore, as "Adjusters", the Defendant adjusters meet the definition of "person" under §541.002, and therefore liable under §541.003 et seq. of the Texas Insurance Code.  The Defendant adjusters misled Plaintiffs.  The acts and omissions of

6



JUN 0 7 2016

Date: _____
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By: _____
Deputy Clerk

Accepted by: Samantha Martinez

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

CL-15-1322-D

the Defendant adjusters violate §541 and §542 of the Texas Insurance Code, for which Plaintiffs seek damages.

Further, the above named adjusters in this litigation committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the property, and failing to inspect all affected areas; said named adjusters undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages. These actions on the part of this named adjusters resulted in underpayment to the Plaintiffs, as well as delay in Plaintiffs' ability to fully repair the insured home. The above named adjusters in this suit conducted an outcome-oriented investigation designed to minimize the Plaintiffs' claim, and failed to promptly provide the Plaintiffs with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision. The named adjusters' actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance.

**E.    Attorneys' Fees**

26.    Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

27.    Plaintiffs are entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because they are represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

28.    Plaintiffs further prays that they be awarded all reasonable attorneys' fees incurred in prosecuting their causes of action through trial and any appeal pursuant to Sections 541.152 & 542.060 of the Texas Insurance Code.

7

JUN 0 7 2016

Date: _____

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.

By: _____
              Deputy Clerk

Accepted by: Samantha Martinez

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

CL-15-1322-D

## VII. CONDITIONS PRECEDENT

29.     All conditions precedent to Plaintiffs' right to recover have been fully performed, or have been waived by Defendants.

## VIII. DEMAND FOR JURY

30.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs herein request a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## IX. DISCOVERY REQUESTS

31.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

32.      You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs herein pray that, upon final hearing of the case, they recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Plaintiffs be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

8

Date:_____ JUN 0 7 2016

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By:_____
Deputy Clerk

Accepted by: Samantha Martinez

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

CL-15-1322-D

Respectfully submitted,

PENNEBAKER LAW FIRM
A Professional Corporation
200 Concord Plaza Drive, Suite 750
San Antonio, Texas  78216
Telephone:     (210) 562-2888
Telecopier:    (210) 562-2880

By: _____

       DOUGLAS E. PENNEBAKER
       State Bar No. 00788178
       Lead counsel:  Doug@pennebakerlaw.com
ATTORNEY FOR PLAINTIFF

LAW OFFICES OF MCALLEN-GONZALEZ
2102 W. University Dr.
Edinburg, Texas  78539
Telephone:     (956) 383-2143
Telecopier:    (956) 383-2147

By: _____ *for Willie McAllen*
       WILLIE MCALLEN
       State Bar No. 24047468
       JOSE G. GONZALEZ
       State Bar No. 24053234

9

Date: JUN 0 7 2016

I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.

By_____
                    Deputy Clerk

**Accepted by: Samantha Martinez**

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

**CL-15-1322-D**

## PLAINTIFFS' FIRST SET OF INTERROGATORIES,
### REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COME NOW Plaintiffs in the above-styled and numbered cause, and request that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiffs by and through their attorneys of record, Douglas E. Pennebaker, Pennebaker Law Firm, 200 Concord Plaza Drive, Suite 750, San Antonio, Texas 78216; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at the Pennebaker Law Firm. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a.   You know the response made was incorrect or incomplete when made; or

b.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

### DEFINITIONS AND INSTRUCTIONS

A.   These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.   If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.   If you claim that any document which is required to be identified or produced by you in any response is privileged:

10

Date: JUN 0 7 2016

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in our office

By: _____ Deputy Clerk

Accepted by: Samantha Martinez

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

CL-15-1322-D

1. Identify the document's title and general subject matter;
2. State its date;
3. Identify all persons who participated in its preparation;
4. Identify the persons for whom it was prepared or to whom it was sent;
5. State the nature of the privilege claimed; and
6. State in detail each and every fact upon which you base your claim for privilege.

D.   "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E.   "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F.   In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:
   1. His or her name;
   2. His or her last known business and residence address and telephone number; and
   3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G.   If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H.   "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

I.   "Property" means the property at issue in the lawsuit.

   J.   "Lawsuit" means this lawsuit.

11

Date:_____   JUN 0 7 2016

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the Original document filed in my office

By:_____
Deputy Clerk

Accepted by: Samantha Martinez

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

CL-15-1322-D

Respectfully submitted,

PENNEBAKER LAW FIRM
A Professional Corporation
200 Concord Plaza Drive, Suite 750
San Antonio, Texas  78216
Telephone:      (210) 562-2888
Telecopier:     (210) 562-2880

By: _____
        DOUGLAS E. PENNEBAKER
        State Bar No. 00788178
        Lead counsel:  Doug@pennebakerlaw.com
ATTORNEY FOR PLAINTIFF

LAW OFFICES OF MCALLEN-GONZALEZ
2102 W. University Dr.
Edinburg, Texas  78539
Telephone:      (956) 383-2143
Telecopier:     (956) 383-2147

By: _____ *for Willie McAllen*
        WILLIE MCALLEN
        State Bar No. 24047468
        JOSE G. GONZALEZ
        State Bar No. 24053234

12

JUN 0 7 2016
Date:_____
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By_____
                    Deputy Clerk

Accepted by: Samantha Martinez

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

## CL-15-1322-D

### INTERROGATORIES TO DEFENDANT
### CHUBB LLOYDS INSURANCE COMPANY OF TEXAS

1.  Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

    ANSWER:

2.  Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

    ANSWER:

3.  Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

    ANSWER:

4.  Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages? If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

    ANSWER:

5.  Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information? If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

    ANSWER:

6.  At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

    ANSWER:

7.  Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

    ANSWER:

13

JUN 0 7 2016

Date:_____

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.

BY:_____
Deputy Clerk

Accepted by: Samantha Martinez

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

CL-15-1322-D

8.  Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

    ANSWER:

9.  Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

    ANSWER:

10. To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiffs' claim, identify those modifications.

    ANSWER:

11. State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

    ANSWER:

12. Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

    ANSWER:

13. To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

    ANSWER:

14. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

    ANSWER:

15. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

    ANSWER:

14

Date: JUN 0 7 2016

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.

By: _____
    Deputy Clerk

Accepted by: Samantha Martinez

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

**CL-15-1322-D**

16.   To the extent Defendant is aware, state any violations of the requirements or obligations owed to Plaintiff(s) under the Policy relating the claim made the basis of this Lawsuit that were discovered during the claims handling process.

      ANSWER:

17.   State the date Defendant first anticipated litigation.

      ANSWER:

18.   State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's(s') denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s).

      ANSWER:

19.   Identify every other insurance claim (by name, address and telephone no. of the insured) made for property damage in the same city/town as the house at issue in this case, and stemming from the same storm, which claim was paid in part or whole.  This is limited to within 5 miles of Plaintiff's(s') insured property.

      ANSWER:

20.   Identify anyone who recommended payment on Plaintiff's claim(s), and if so, state what amount(s).

      ANSWER:

21.   Give the name, address and telephone number of all persons making a claim with you for property damage for the same March 29, 2012 as Plaintiff's claim.  This request is limited to persons who live within a 5 mile radius of Plaintiff's insured residence.

      ANSWER:

22.   List all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the March 29, 2012 at issue to date.

      ANSWER:

JUN 0 7 2016

Date:_____

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office
By:_____
                              Deputy Clerk

15

Accepted by: Samantha Martinez

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

CL-15-1322-D

## REQUESTS FOR PRODUCTION TO DEFENDANT
## CHUBB LLOYDS INSURANCE COMPANY OF TEXAS

1.   The following insurance documents issued for the Property as identified in the Petition:
     a.   the policy at issue for the March 29, 2012 as identified in the Petition;
     and b.   the policy declarations page for the 3 years preceding the storm.

RESPONSE:

2.   Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

RESPONSE:

3.   All documents relating to the condition or damages of the Property or any insurance claim on the Property.

RESPONSE:

4.   All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

5.   All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

RESPONSE:

6.   All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage.

RESPONSE:

7.   All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Property, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

RESPONSE:

16

Date: JUN 0 7 2016
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By
Deputy Clerk

8.   All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or
     created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request
     is limited to the past 5 years. To the extent Defendant contends that any document older
     than 5 years impact the damages or coverage, produce that document.

     RESPONSE:

9.   Produce a copy of all price lists used to prepare any estimates for the claim made the
     basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party,
     you can reference the vendor and version of the pricelist with a stipulation that it is
     unmodified.

     RESPONSE:

10.  To the extent Defendant created or altered any prices used in the preparation of an
     estimate in the claim made the basis of this Lawsuit, produce all documents related to the
     creation or alteration of the price, including the original price for that item and the factual
     bases for the creation or alteration.

     RESPONSE:

11.  A complete copy the personnel file related to performance (excluding medical and
     retirement information) for all people and their managers and/or supervisors who directly
     handled the claim made the basis of this Lawsuit, including all documents relating to
     applications for employment, former and current resumes, last known address, job title, job
     descriptions, reviews, evaluations, and all drafts or versions of requested documents. This
     request is limited to the past 5 years.

     RESPONSE:

12.  All organizational charts, diagrams, lists, an/or documents reflecting each department,
     division or section of Defendant's company to which the claim made the basis of this
     Lawsuit was assigned.

     RESPONSE:

13.  All Texas insurance licenses and/or certifications in effect at the time of the claims
     arising out of the storms at issue for all persons who worked on the claim made the basis
     of this Lawsuit, including any document relating to the application, issuance or review of
     those licenses and/or certifications. This request excludes those who performed merely
     ministerial acts, i.e. people who answer phones, file clerks whose only job duty is to
     stamp "received," etc.

     RESPONSE:

17

Date: JUN 0 7 2016
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office
By: _____
                              Deputy Clerk

**Accepted by: Samantha Martinez**

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

CL-15-1222-D

JUN 0 7 2016

Date:

I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office

By:
Deputy Clerk

**Accepted by: Samantha Martinez**

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

**CL-15-1322-D**

14.     If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

        RESPONSE:

15.     Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production above within the last three years. A summary is acceptable in lieu of actual invoices or payments.

        RESPONSE:

16.     All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

        RESPONSE:

17.     All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

        RESPONSE:

18.     All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

        RESPONSE:

19.     All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the storm(s) occurring on the date(s) of loss claimed by Plaintiff(s).

        RESPONSE:

20.     Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

        RESPONSE:

18

Date: JUN 0 7 2016
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office
By_____ Deputy Clerk

**Accepted by: Samantha Martinez**

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

## CL-15-1322-D

21.    All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the March 29, 2012 claimed by Plaintiff(s).

RESPONSE:

22.    Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

RESPONSE:

23.    For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents or tangible things that have been provided to, reviewed by, or prepared for the testifying expert.

RESPONSE:

24.    Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

RESPONSE:

25.    All indemnity agreements in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

26.    All contracts in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

27.    All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

28.    All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiffs' claim.

RESPONSE:

19

JUN 0 7 2016

Date: _____

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.

By: _____
Deputy Clerk

Accepted by: Samantha Martinez

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

**CL-15-1322-D**

29. To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

   RESPONSE:

30. A List of all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the March 29, 2012 at issue to date.

   ANSWER:

Date: JUN 0 7 2016
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office
By:
Deputy Clerk

Accepted by: Samantha Martinez

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

CL-15-1322-D

## INTERROGATORIES TO EACH INDIVIDUAL DEFENDANT
## MICHAEL ALEXANDER VARGAS AND ROY LE SIMS (INDIVIDUALLY)

1.  Identify all email accounts, email addresses, and/or any alias or code used to identify you and used for any communication relating to your work handling storm claims arising out of the storm(s) at issue in this Lawsuit. This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

    RESPONSE:


2.  Identify generally the training or experience you had in adjusting hail and/or windstorm damage and any specific training you had for this storm prior to your handling of claim made the basis of this Lawsuit.

    RESPONSE:


3.  Identify any degrees, Texas insurance licenses (unless you qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses you held from other states) or certifications you had at the time you handled the claim made the basis of this Lawsuit.

    RESPONSE:


4.  Explain how you were compensated and by whom for your work on claims arising out of the storm(s) at issue in this Lawsuit., stating the amount you were compensated per claim, per day, and/or per week and identifying any bonus or incentive plans. To the extent the produced personnel file includes a compensation schedule, you may refer to such personnel file.

    RESPONSE:


5.  State whether you are fluent in Spanish and whether you had any communication relating to the claim made the basis of this Lawsuit in Spanish. If you are not fluent in Spanish, state whether you are proficient in Spanish to communicate to adjust a claim.

    RESPONSE:

21

JUN 0 7 2016

Date:_____
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By:_____
Deputy Clerk

COUNTY COURT
COUNTY OF HIDALGO, TEXAS

Accepted by: Samantha Martinez

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

CL-15-1322-D

6.    Identify the following dates:

      a.  The date you first obtained an adjuster license in the State of Texas;
      b.  The first date you were hired/retained by the insurance company defendant or any other defendant in this Lawsuit to adjust property damage claims;
      c.  The date you were first assigned to claims arising out of the storm(s) at issue in this Lawsuit.;
      d.  The date you closed your file on the claim made the basis of this Lawsuit; and
      e.  The last date you worked on any claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:

7.    Describe in detail each inspection you conducted of the Property made the basis of this Lawsuit, identifying:
      a.  The name and job title of any person who inspected the Property with you;
      b.  The date of each inspection;
      c.  The purpose of each inspection;
      d.  The length of time of each inspection;
      e.  The equipment or tools used during each inspection;
      f.  The areas of the Property inspected (i.e. roof, attic, individual rooms, exterior); and
      g.  Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

RESPONSE:

8.    Following the inspection(s), did You engage in any additional communications (*e.g.*, telephone, in person, written communication) with Plaintiff(s)? If yes, provide the following information:

      a.  the date of such communication(s);
      b.  the manner of such communication(s);
      c.  the person to whom You communicated;
      d.  the reason for the communication(s);
      e.  for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which you called or on which you received the call; and
      f.  the general substance of the communication.

RESPONSE:

Date: _____ JUN 0 7 2016

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
Deputy Clerk

Accepted by: Samantha Martinez

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

**CL-15-1322-D**

9. Identify and describe all damage you observed during your inspection(s) of the claim made the basis of this Lawsuit. To the extent the damage you observed during your inspection is reflected in scope notes and photographs, you can refer Plaintiffs to such scope notes and/or photographs.

   RESPONSE:

10. For all damage observed at the Property or reflected in your scope notes and/or photographs, state what your believe to be the cause of the damage, describing the investigatory steps you took to determine the cause, and identify all person(s) and/or entity(ies) that provided information or participated in that determination.

    RESPONSE:

11. To the extent you applied or recommended policy exclusions, identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion applied or recommended, state the factual reason(s) that the exclusion was applied or recommended.

    RESPONSE:

12. Identify the information you used to determine and how you calculated the amount of depreciation that you applied to any damage categories included in any estimates you prepared and/or approved on the claim made the basis of this Lawsuit.

    RESPONSE:

13. How did you determine whether you would or would not apply overhead and profit (O&P) to Plaintiffs' claim?

    RESPONSE:

14. Identify all documents that you relied upon in the adjustment of the claim made the basis of this Lawsuit. For each document, identify who provided the document.

    RESPONSE:

15. Identify all documents or information you requested from Plaintiff during the investigation of the claim made the basis of this Lawsuit, the date the request was made, the person who communicated the request, and the Plaintiff(s) who received the request.

23

Date: JUN 0 7 2016

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.

By: _____
        Deputy Clerk

**Accepted by: Samantha Martinez**

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

**CL-15-1322-D**

RESPONSE:

16.    Identify all documents or items in your possession related to the claim made the basis of this
       Lawsuit that you did not submit to the insurance company and/or adjusting company
       assigned to this claim.

       RESPONSE:

17.    To the extent you are aware, identify all documents or items that were altered, revised,
       changed or removed from the documents or information you provided the insurance company
       or adjusting company relating to the claim made the basis of this Lawsuit.

       RESPONSE:

18.    Identify and describe any training, guidance or instruction provided to you by any person
       and/or entity regarding the handling of claims arising out of the storm(s) at issue in this
       Lawsuit.

                                   RESPONSE:

24

JUN 0 7 2016

Date:_____
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By:_____
                        Deputy Clerk

Accepted by: Samantha Martinez

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

CL-15-1322-D

## REQUESTS FOR PRODUCTION TO DEFENDANT MICHAEL ALEXANDER VARGAS AND ROY LE SIMS

1.    All documents related to Plaintiff(s), the Property, the Policy, and/or the claim made the basis of this Lawsuit.

RESPONSE:

2.    All licenses or certifications that are identified in response to Interrogatory Number 3.

RESPONSE:

3.    All training documents you have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

RESPONSE:

4.    All applications you submitted (or submitted on your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time of the storm(s) at issue in this Lawsuit..

RESPONSE:

5.    All resumes for the last five (5) years.

RESPONSE:

6.    All applications for employment you submitted for purposes of obtaining employment as an adjuster and/or claims handler in the State of Texas. This request is limited to the five (5) years preceding the storm(s) at issue in this Lawsuit.

RESPONSE:

7.    All documents you relied upon in the adjustment of the claim made the basis of this Lawsuit.

RESPONSE:

25

JUN 0 7 2016

Date: _____
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office
By _____
Deputy Clerk

Accepted by: Samantha Martinez

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

CL-15-1322-D

8.   To the extent you made a determination or recommendation regarding depreciation, all documents relating to the application of depreciation on a homeowners property claim in the State of Texas for the past two (2) years.

     RESPONSE:


9.   To the extent you made a determination or recommendation regarding overhead and profit, all documents relating to the application of overhead and profit on a homeowners property claim in the State of Texas for the past two (2) years.

     RESPONSE:


10.  All documents or items in your possession related to the claim made the basis of this Lawsuit that you did not submit to the insurance company and/or adjusting company assigned to this claim.

     RESPONSE:


11.  All documents meant to instruct, advise, or guide the handling or adjusting hail and/or windstorm claims in the State of Texas for the last 2 years.

     RESPONSE:


12.  All training manuals in effect at the time of Plaintiffs' claim used for software programs utilized in the claim made the basis of this lawsuit.

     RESPONSE:


13.  All documents relating to any performance reviews or evaluations by the carrier of the underlying claim, whether formal or informal, regarding your handling of claims arising out of the storm(s) at issue in this Lawsuit.

     RESPONSE:


14.  All documents relating to any Texas Department of Insurance complaints made against you by an insured related to claims arising out of the storm(s) at issue in this Lawsuit.

     RESPONSE:

26



JUN 0 7 2016

Date:_____
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By_____
                    Deputy Clerk

Accepted by: Samantha Martinez

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

**CL-15-1322-D**

15.    All contracts, indemnity agreements, and/or confidentiality agreements between you and the adjusting company and/or insurance company in effect during the handling of claims arising out of the storm(s) at issue in this Lawsuit.

       <u>RESPONSE:</u>

16.    All price lists used by you in handling claims arising out of the claims arising out of the storm(s) at issue in this Lawsuit.  To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

       <u>RESPONSE:</u>

17.    All weather reports regarding wind and/or hail relied upon by you in handling claims arising out of the claims arising out of the storm(s) at issue in this Lawsuit.

       <u>RESPONSE:</u>

18.    All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list you used in handling claims arising out of the storm(s) at issue in this Lawsuit.

       <u>RESPONSE:</u>

Date: _____ JUN 0 7 2016

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.

By: _____
Deputy Clerk

**Accepted by: Samantha Martinez**

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

CL-15-1322-D

## FIRST SET OF REQUESTS FOR ADMISSIONS TO CHUBB LLOYDS INSURANCE COMPANY OF TEXAS AND MICHAEL ALEXANDER VARGAS AND ROY LE SIMS, INDIVIDUALLY

**REQUEST FOR ADMISSION NO. 1.**  Admit you committed statutory bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2.**  Admit you committed common law bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3.**  Admit you breached the insurance agreement by failing to pay the full amount owed there under.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4.**  Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5.**  Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

RESPONSE:

28

JUN 0 7 2016

Date:_____
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By:_____
Deputy Clerk

Accepted by: Samantha Martinez

Electronically Submitted
4/28/2015 1:41:06 PM
Hidalgo County Clerks Office

**CL-15-1322-D**

Respectfully submitted,

PENNEBAKER LAW FIRM
A Professional Corporation
200 Concord Plaza Drive, Suite 750
San Antonio, Texas 78216
Telephone:      (210) 562-2888
Telecopier:      (210) 562-2880

By: _____
     DOUGLAS E. PENNEBAKER
     State Bar No. 00788178
     Lead counsel: Doug@pennebakerlaw.com
ATTORNEY FOR PLAINTIFF

LAW OFFICES OF MCALLEN-GONZALEZ
2102 W. University Dr.
Edinburg, Texas 78539
Telephone:      (956) 383-2143
Telecopier:      (956) 383-2147

By: _____   *for Willie McAllen*
     WILLIE MCALLEN
     State Bar No. 24047468
     JOSE G. GONZALEZ
     State Bar No. 24053234

29

Date: JUN 0 7 2016
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office
By: _____
                          Deputy Clerk

Accepted by: Ester Espinoza

Electronically Submitted
11/30/2015 4:19:37 PM
Hidalgo County Clerks Office



# PENNEBAKER LAW

PROFESSIONAL CORPORATION

## DOUGLAS E. PENNEBAKER

November 30, 2015

Attn: County Clerk – Civil Section
Hidalgo County Courthouse
Edinburg, TexAS

RE:   CL-15-1322-D;  Maria Meza, Victor Meza vs. Chubb Lloyds Insurance Company
Of Texas, Michael Alexander Vargas, Roy Le Sims;  in the County Court at
Law Number 6, Hidalgo County, Texas

Dear County Clerk – Civil Section:

It appears that the Petition previously filed has not been sent out for service.  As to **Chubb
Lloyds Insurance Company**, please serve them at this address instead of what is in the Petition:

**CT Corporation System
350 North St. Paul Street
Dallas, Texas  75201**

The other two Defendants (Vargas and Sims) can be served at the addresses in the Original
Petition.

Very truly yours,

DOUGLAS E. PENNEBAKER

DEP/MMT/fah
/melvina@pennebakerlaw.com/

**200 Concord Plaza Dr., Suite 750, San Antonio, Texas  78216
210-562-2888/phone – 210-562-2880/fax
www.pennebakerlaw.com**

Date: JUN 0 7 2016
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By:_____
Deputy Clerk

DOCKET NO. CL-15-1322-D

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after you were served this Citation and Petition, a Default Judgment may be taken against you."

To:    CHUBB LLOYDS INSURANCE COMPANY OF TEXAS
       CT CORPORATION SYSTEM
       350 NORTH ST PAUL STREET
       DALLAS TX  75201

GREETING:

        YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M.  on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #4 of HIDALGO COUNTY, Texas, at the Courthouse, Hidalgo County Clerk's Office, 100 N. Closner, Edinburg, Texas.

 Said Plaintiff's Petition was filed in said Court, on the 28th day of April, 2015 in this Cause Numbered CL-15-1322-D on the docket of said Court, and styled,

**MARIA MEZA; VICTOR MEZA**
**vs.**
**CHUBB LLOYDS INSURANCE COMPANY OF TEXAS; MICHAEL ALEXANDER VARGAS; ROY LE SIMS**

        The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL petition accompanying this Citation and made a part hereof.

        NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
                DOUGLAS E. PENNEBAKER
                200 CONCORD PLAZA DRIVE SUITE 750
                SAN ANTONIO TX  78216

        The officer executing this Citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

        ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 2nd day of December, 2015.

                                    ARTURO GUAJARDO, JR.
                                    HIDALGO COUNTY CLERK
                                    P.O. BOX 58
                                    EDINBURG, TEXAS 78540

                            BY _____ DEPUTY
                                    NORMA HARLOW

JUN 0 7 2016

Date: _____
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
                        Deputy Clerk

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
     Came to hand on the _____ day of _____ , 20 ____, at _____ o'clock _____ M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

     Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

NAME _____ DATE _____ TIME _____ PLACE _____

By: _____     By: _____
         CIVIL PROCESS SERVER                     DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
     Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

By; _____     By: _____
         CIVIL PROCESS SERVER                DEPUTY SHERIFF/CONSTABLE

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is

_____ and i declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ____ day of _____, 201_____.


_____
DECLARANT


_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Date:_____
JUN 0 7 2016
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office
By:_____
           Deputy Clerk



ARTURO GUAJARDO, JR.
HIDALGO COUNTY CLERK
100 N CLOSNER
PO BOX 58
EDINBURG, TX 78540-0058



9269 3901 0661 5400 0074 9722 35

**Return Receipt (Electronic)**

**CL-15-1322-D**                    RESTRICTED DELIVERY

CHUBB LLOYDS INSURANCE COMPANY OF TEXAS
CT CORPORATION
350 N SAINT PAUL ST
DALLAS, TX 75201-4284

························· CUT / FOLD HERE ·························

························· 6"X9" ENVELOPE ·························
CUT / FOLD HERE

························· CUT / FOLD HERE ·························



JUN 0 7 2016

Date: _____
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By: _____
                    Deputy Clerk



ARTURO GUAJARDO, JR.
HIDALGO COUNTY CLERK
100 N CLOSNER
PO BOX 58
EDINBURG, TX 78540-0058

**Return Receipt (Electronic)**



9269 3901 0661 5400 0074 9721 43

**CL-15-1322-D**

MICHAEL ALEXANDER VARGAS
3416 WATER LILLY AVE
MCALLEN, TX 78504-5266

RESTRICTED DELIVERY

- - - - - - - - - - - - - - - - - - - - - - CUT / FOLD HERE - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - 6"X9" ENVELOPE / CUT / FOLD HERE - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - - - - CUT / FOLD HERE - - - - - - - - - - - - - - - - - - - - -



Date: JUN 0 7 2016

I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By: _____
                              Deputy Clerk

DOCKET NO. CL-15-1322-D

THE STATE OF TEXAS
COUNTY OF HIDALGO

 NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after you were served this Citation and Petition, a Default Judgment may be taken against you."

    To:    MICHAEL ALEXANDER VARGAS
            3416 WATER LILLY AVE
            N/A
            MCALLEN TX  78504

GREETING:

       YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M.  on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #4 of HIDALGO COUNTY, Texas, at the Courthouse, Hidalgo County Clerk's Office, 100 N. Closner, Edinburg, Texas.

 Said Plaintiff's Petition was filed in said Court, on the 28th day of April, 2015 in this Cause Numbered CL-15-1322-D on the docket of said Court, and styled,

**MARIA MEZA; VICTOR MEZA**
**vs.**
**CHUBB LLOYDS INSURANCE COMPANY OF TEXAS; MICHAEL ALEXANDER VARGAS; ROY LE SIMS**

       The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL petition accompanying this Citation and made a part hereof.

       NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
            DOUGLAS E. PENNEBAKER
            200 CONCORD PLAZA DRIVE SUITE 750
            SAN ANTONIO TX  78216

       The officer executing this Citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

       ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 2nd day of December, 2015.

ARTURO GUAJARDO, JR.
HIDALGO COUNTY CLERK
P.O. BOX 58
EDINBURG, TEXAS 78540

BY _____ DEPUTY
        NORMA HARLOW

JUN 0 7 2016

Date: _____
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____ Deputy Clerk

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
      Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____ M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

      Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

      NAME _____ DATE _____ TIME _____ PLACE _____

      By: _____          By: _____
          CIVIL PROCESS SERVER               DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
      Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

      NAME _____ DATE _____ TIME _____ PLACE _____

      NAME _____ DATE _____ TIME _____ PLACE _____

      NAME _____ DATE _____ TIME _____ PLACE _____

      By; _____         By: _____
          CIVIL PROCESS SERVER               DEPUTY SHERIFF/CONSTABLE

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____and the address is

_____ and i declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ____ day of _____, 201_____.


_____
DECLARANT


_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Date: _____
JUN 0 7 2016
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office
By _____



ARTURO GUAJARDO, JR.
HIDALGO COUNTY CLERK
100 N CLOSNER
PO BOX 58
EDINBURG, TX 78540-0058

**Return Receipt (Electronic)**



9269 3901 0661 5400 0074 9716 96

**CL--15-1322-D**

ROY LE SIMS
15430 DYNA ST
CORPUS CHRISTI, TX 78418-6424

RESTRICTED DELIVERY

········· CUT / FOLD HERE ·········

········· 6"X9" ENVELOPE / CUT / FOLD HERE ·········

········· CUT / FOLD HERE ·········

Date: JUN 0 7 2016
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By: _____ Deputy Clerk

DOCKET NO. CL-15-1322-D

THE STATE OF TEXAS
COUNTY OF HIDALGO

 NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file
a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of
twenty (20) days after you were served this Citation and Petition, a Default Judgment may be taken against you."

   To:    ROY LE SIMS
          15430 DYNA ST
          N/A
          CORPUS CHRISTI TX  78418

GREETING:

        YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or
before 10 o'clock A.M.  on or before the Monday next after the expiration of twenty (20) days after the date of service
hereof, before the Honorable County Court At Law #4 of HIDALGO COUNTY, Texas, at the Courthouse, Hidalgo
County Clerk's Office, 100 N. Closner, Edinburg, Texas.

 Said Plaintiff's Petition was filed in said Court, on the 28th day of April, 2015 in this Cause Numbered CL-15-1322-
D on the docket of said Court, and styled,

                            **MARIA MEZA; VICTOR MEZA**
                                        vs.
     **CHUBB LLOYDS INSURANCE COMPANY OF TEXAS; MICHAEL ALEXANDER VARGAS; ROY LE
                                       SIMS**

        The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL petition
accompanying this Citation and made a part hereof.

        NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
                DOUGLAS E. PENNEBAKER
                200 CONCORD PLAZA DRIVE SUITE 750
                SAN ANTONIO TX  78216

        The officer executing this Citation shall promptly serve the same according to requirements of law, and the
mandates hereof, and make due return as the law directs.

        ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 2nd day
of December, 2015.

                                          ARTURO GUAJARDO, JR.
                                          HIDALGO COUNTY CLERK
                                          P.O. BOX 58
                                          EDINBURG, TEXAS 78540

                                     BY _____ DEPUTY
                                              NORMA HARLOW

Date: JUN 0 7 2016
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By: _____
                    Deputy Clerk

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN

Came to hand on the _____ day of _____ , 20 _____, at _____ o'clock _____ M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

NAME _____ DATE _____ TIME _____ PLACE _____

By: _____        By: _____
     CIVIL PROCESS SERVER                              DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**

Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

By; _____        By: _____
     CIVIL PROCESS SERVER                              DEPUTY SHERIFF/CONSTABLE

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____and the address is

_____ and i declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ____ day of _____, 201_____.

_____
DECLARANT

_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Date: JUN 0 7 2016
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____ Deputy Clerk



**UNITED STATES**
**POSTAL SERVICE.**

Date: January 4, 2016

MAIL MAIL:

The following is in response to your January 4, 2016 request for delivery information on
your Certified Mail™ RRE/RD item number 92693901066154000074972143.  The
delivery record shows that this item was delivered on January 4, 2016 at 9:46 am in
EDINBURG, TX  78539. The scanned image of the recipient information is provided
below.

Signature of Recipient :



Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the
United States Postal Service.  It is solely for customer use.

CL-15-1322-D
MICHAEL ALEXANDER VARGAS
3416 WATER LILLY AVE
MCALLEN TX 78504-5266

Date: JUN 0 7 2016
i, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office
By: _____ Deputy Clerk



ARTURO GUAJARDO, JR.
HIDALGO COUNTY CLERK
100 N CLOSNER
PO BOX 58
EDINBURG, TX 78540-0058

Return Receipt (Electronic)



9269 3901 0661 5400 0074 9721 43

Present
First Class Mail
ComBaaPrice

U.S. POSTAGE PITNEY BO
ZIP 78539  $ 006.9
02  1W
0001402764 DEC  03

U.S. POSTAGE PITNEY B
ZIP 78539  $ 006.
02  1W
0001402764 DEC  03





CL-15-1322-D

RESTRICTED DELIVERY

MICHAEL ALEXANDER VARGAS
3416 WATER LILLY AVE

NIXIE        785044142-1N        12/28/15

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD
RETURN TO SENDER

CUT / FOLD HERE

RECEIVED

JAN 0 4 2015

Hidalgo County Clerk's Office

RR25  N.
12-9-15

Bus.
1-2 Close



1st NOTICE
2nd NOTICE
RETURNED
DEC 18 2015
DEC 1 2 2015



Date: JUN 0 7 2016
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By:
Deputy Clerk



U.S. POSTAGE >> PITNEY BOWES

ZIP 78539  $ 006.93⁰
02 1W
0001402764 DEC 03 2015



Presort
First Class Mail
Commerce Price

U.S. POSTAGE >> PITNEY BOWES

ZIP 78539  $ 006.39¹
02 1W
0001402764 DEC 03 2015



ARTURO GUAJARDO, JR.
HIDALGO COUNTY CLERK
100 N CLOSNER
PO BOX 58
EDINBURG, TX 78540-0058

Return Receipt (Electronic)

9269 3901 0661 5400 0074 9716 96

RESTRICTED DELIVERY

L H
12-7-15

CL--15-1322-D
ROY LE SIMS
15430 DYNA ST
CORPUS CHRISTI, TX 78418-6424

12-13
12-18

RECEIVED

JAN 2 5 2016

Hidalgo County Clerk's Office

Date: JUN 0 7 2016

I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office
By:_____
                              Deputy Clerk



U.S POSTAGE >> PITNEY BOWES

ZIP 78539    $ 006.93
02 1W
0001402764 DEC 03 2015

U.S. POSTAGE >> PITNEY BOWES

ZIP 78539    $ 006.39
02 1W
0001402764 DEC 03 2015

ARTURO GUAJARDO, JR.
HIDALGO COUNTY CLERK
100 N CLOSNER
PO BOX 58
EDINBURG, TX 78540-0058

Return Receipt (Electronic)

Prescit
First Class Mail
ComBasPrice

9269 3901 0661 5400 0074 9722 35

CL-15-1322-D                  RESTRICTED DELIVERY

CHUBB LLOYDS INSURANCE COMPANY OF TEXAS
CT CORPORATION
350 N SAINT PAUL ST
DALLAS, TX 75201-4284

CUT / FOLD HERE

NIXIE      752012069-1N          01/30/16

RETURN TO SENDER
UNABLE TO FORWARD
UNABLE TO FORWARD
RETURN TO SENDER

RECEIVED

FEB 0 2 2015

Hidalgo County County Office

JUN 0 7 2016

Date:_____
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By:_____
Deputy Clerk

**Exhibit B**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| **MARIA MEZA AND VICTOR MEZA,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Case No. 7:16-cv-451** |
| | § | |
| **CHUBB LLOYDS INSURANCE** | § | |
| **COMPANY OF TEXAS,** | § | |
| **MICHAEL ALEXANDER VARGAS** | § | |
| **AND ROY LE SIMS,** | § | |
| | § | |
| **Defendants.** | § | |

## LIST OF COUNSEL

**COUNSEL FOR PLAINTIFFS
MARIA MEZA AND VICTOR MEZA:**
**DOUGLAS E. PENNEBAKER**
Texas State Bar No. 00788178
Email: Doug@pennebakerlaw.com
Pennebaker Law Firm
A Professional Corporation
200 Concord Plaza Drive, Suite 750
San Antonio, Texas 78216
Phone: (210) 562-2888
Facsimile: (210) 562-2880

**WILLIE MCALLEN**
Texas State Bar No. 24047468
**JOSE G. GONZALEZ**
Texas State Bar No. 24053234
Law Offices of McAllen-Gonzalez
2102 W. University Dr.
Edinburg, Texas 78539
Phone: (956) 383-2143
Facsimile: (956) 383-2147

**COUNSEL FOR DEFENDANT
CHUBB LLOYD'S INSURANCE
COMPANY OF TEXAS:**
**JENNIFER G. MARTIN**
Texas State Bar No. 00794233
Southern District of Texas Bar No. 20770
Email: jennifer.martin@wilsonelser.com
**JENNIFER L. MURPHY**
Texas State Bar No. 24027560
Southern District of Texas Bar No. 2789457
Email: jennifer.murphy@wilsonelser.com

Wilson Elser Moskowitz Edelman &
Dicker LLP
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
Phone: (214) 698-8000
Facsimile: (214) 698-1101

**<u>COUNSEL FOR DEFENDANTS</u>**
**<u>MICHAEL ALEXANDER VARGAS AND</u>**
**<u>ROY LE SIMS:</u>**

None.  Defendants have not been served.

2310397v.1

Respectfully submitted,


*/s/ Jennifer G. Martin*
**JENNIFER G. MARTIN**
Texas State Bar No. 00794233
S.D. Tex. Bar No.    20770
Email: jennifer.martin@wilsonelser.com
**JENNIFER L. MURPHY**
Texas State Bar No. 24027560
S.D. Tex. Bar No. 2789457
Email: jennifer.murphy@wilsonelser.com


**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
(214) 698-8000 Phone
(214) 698-1101 Facsimile


**ATTORNEYS FOR CHUBB LLOYD'S INSURANCE COMPANY OF TEXAS**

2310397v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record in accordance with the Federal Rules of Civil Procedure, on this the **1**<sup>st</sup> day of **August, 2016.**

Douglas E. Pennebaker
Email: Doug@pennebakerlaw.com
Pennebaker Law Firm
A Professional Corporation
200 Concord Plaza Drive, Suite 750
San Antonio, Texas 78216

Willie McAllen
Jose G. Gonzalez
Law Offices of McAllen-Gonzalez
2102 W. University Dr.
Edinburg, Texas 78539

*/s/Jennifer G. Martin*_____
**JENNIFER G. MARTIN**

**LIST OF COUNSEL**

Page 4 of 4

2310397v.1